**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 16-26708 |
| | ) | |
| JUDY FISHMAN, a/k/a JUDI FISHMAN | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date:** November 28, 2018 |
| | ) | **Hearing Time:** 9:30 a.m. |
| | ) | **Courtroom:** 742 |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FIGLIULO & SILVERMAN, P.C. AS SPECIAL COUNSEL**
(Local Rule 5082-1(A))

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Andrew J. Maxwell, not individually but as Chapter 7 Trustee for the Estate of Judy Fishman |
| Date of Order Authorizing Employment: | May 24, 2017 [*Dkt.* No. 102] |
| Period of Which Compensation is Sought: | May 17, 2017 through October 15, 2018 (allowance and payment) |
| Amount of Fees Sought: | $23,255.00 |
| Amount of Expenses Sought: | $ 0.00 |
| This is a(n):   Interim Application: ___ | Final Application:   X |

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| **Date Filed** | **Period Covered** | **Total Requested (Fees & Expenses)** | **Total Allowed (Fees & Expenses)** | **Fees & Expenses Previously Paid** |
|---|---|---|---|---|
| None | | | | |

Dated: November 2, 2018                    Respectfully submitted,

                                                                 **FIGLIULO & SILVERMAN, P.C.**

Michael K. Desmond (IL #6208809)           By: /s/ Michael K. Desmond
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, IL 60603
(312) 251-4600

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 16-26708 |
| | ) | |
| JUDY FISHMAN, a/k/a JUDI FISHMAN | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date:  November 28, 2018 |
| | ) | Hearing Time:  9:30 a.m. |
| | ) | Courtroom:      742 |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
**FIGLIULO & SILVERMAN, P.C., AS SPECIAL COUNSEL**

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Andrew J. Maxwell, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate ( the "Estate") of Judy Fishman, a/k/a Judi Fishman (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying its first and final application for an award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In its Application, F&S requests allowance and payment of final compensation of $23,255.00 for 71.7 hours of legal services rendered to the Trustee during the period May 17, 2017 through October 15, 2018 (the "Application Period"). In support of its Application, F&S states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

**BACKGROUND**

4. On August 19, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), thereby commencing the above-entitled case and creating the Estate.

5. On the Petition Date, Andrew J. Maxwell was appointed Chapter 7 Trustee of the Estate.

6. In connection with the Petition, the Debtor filed schedules and statements of financial affairs.

7. As of the Petition Date, the Debtor owned a residential condominium property commonly known as 6150 Midnight Pass Road, Unit Villa 40 A & B (the "Florida Real Estate"). The Debtor's Schedule states that title to the Real Property is held by the "Judi Fishman Living Trust dated 07/12/1993". The Debtor used the Florida Real Estate as a rental property.

8. As of the Petition Date, Bank of America held a first mortgage against the Florida Real Estate in the amount of $171,250.00.

9. As of the Petition Date, the Florida Property was also encumbered by a mortgage granted in favor of the Nudelman Trust (the "Nudelman Mortgage"). The Nudelman Mortgage was executed by the Debtor on behalf of the Fishman Trust.

10. According to the Debtor, The Nudelman Trust was the purported lender on a Promissory Note (the "Note") memorializing an "Interest Only Revolving Line of Credit" in the amount of $350,000.00 dated on or about April 1, 2016 and also executed by the Debtor on behalf of the Fishman Trust.

11. On November 29, 2016, the Nudelman Trust filed a secured proof of claim in the Bankruptcy Case based upon the Note and the Nudelman Mortgage in the amount of $215,000.00, including interest. [*Claim No.* 4-1]. The Nudelman Trust claimed that the amount due under the Note and Nudelman Mortgage is approximately $296,115.00, which purportedly includes interest, penalties, and attorney's fees.

12. The Trustee disputed the validity of the Nudelman Mortgage and the proofs of claim filed by the Nudelman Trust.

13. On May 17, 2017, the Trustee filed a motion with this Court seeking to retain F&S as special counsel to investigate the Nudelman Mortgage, file an adversary complaint seeking to determine the validity extent and priority of the Nudelman Mortgage, avoid the Nudelman Mortgage as a fraudulent transfer and object to the validity of the proofs of claim filed by the Nudelman Trust (the "Adversary Claims").

14. On May 24, 2017, the Court entered the Order granting Trustee's Application for Authority to Employ F&S as special counsel [Dkt. 102] on the terms and conditions set forth in the motion. A true and correct copy of the Court's May 24, 2017 order is attached hereto as **Exhibit A**.

15. As set forth in the application, F&S is entitled to receive compensation on an hourly basis and is entitled to reimbursement of all expenses incurred in connection with its representation of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges. F&S's fees and expenses are to be reimbursed by the Debtor's bankruptcy estate out of the general funds of the Estate subject to approval of this Court.

## **LEGAL SERVICES PERFORMED BY F&S**

16. Legal services performed by F&S consisted primarily of meetings with Trustee, reviewing documents, investigating the loan transaction and flow of funds, legal research, drafting of adversary complaint, negotiations with counsel for the Debtor and the Nudelman Trust, drafting of Settlement Agreement and Motion to Approve Settlement. By this Application, F&S seeks allowance and payment of final compensation of $23,255.00 for 71.7 hours of legal services rendered to the Trustee during the Application Period.

17. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the resolution achieved on behalf of the Estate, F&S submits that the amount sought for payment in this Application is fair and reasonable.

18. Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

19. Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks the allowance and payment of compensation of $23,255.00 for the legal services rendered to the Trustee during the Application Period.

4

# **NARRATIVE SUMMARY**
*(LOCAL RULE 5082-1(B))*

20.     Local Rule 5082-1(B)(1)(a) – During the Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|---|---|---|
| Legal Research | 4.6 | $1,460.00 |
| Objection to Sale of Condominium | 1.0 | $ 350.00 |
| Confidentiality Agreement | 2.8 | $ 965.00 |
| Document Review and Analysis | .6 | $ 195.00 |
| Preparation of Adversary Complaint | 34.3 | $10,535.00 |
| Settlement Negotiations | 7.6 | $2,660.00 |
| Draft Settlement and Motion to Approve | 16.5 | $5,585.00 |
| Preparation of Fee Application | 4.3 | $1,505.00 |
| Total | 71.7 | $23,255.00 |

21.     Local Rule 5082-1(B)(1)(b) – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

(a) Legal Research - The services under this task primarily consisted of researching the validity of liens under Florida law and the ability of Trustee to avoid mortgage lien. In connection with these services, F&S expended 4.6 hours and incurred $1,460.00 in fees during the Application Period.

(b) Objection to Sale of Condominium - The services under this task primarily consisted of assisting Trustee with form of sale order, objection by Nudelman Trust and Court appearance for Sale hearing.  In connection with these services, F&S expended 1.0 hours and incurred $350.00 in fees during the Application Period.

5

(c) <u>Confidentiality Agreement & Protective Order</u> - The services under this task primarily consisted of negotiating and drafting terms of Confidentiality Agreement governing the production of documents. In connection with these services, F&S expended 2.8 hours and incurred $965.00 in fees during the Application Period.

(d) <u>Document Review and Analysis</u> - The services under this task primarily consisted of reviewing documents and analysis prepared by accountant detaining the flow of funds between accounts. In connection with these services, F&S expended .6 hours and incurred $195.00 in fees during the Application Period.

(e) <u>Preparation of Adversary Complaint</u> - The services under this task primarily consisted of drafting adversary complaint and preparing exhibits for filing. In connection with these services, F&S expended 34.3 hours and incurred $10,535.00 in fees during the Application Period.

(f) <u>Settlement Negotiations</u> - The services under this task primarily consisted of meetings and negotiations with counsel for the Nudelman Trust and the Debtor and preparing and exchanging draft term sheets. In connection with these services, F&S expended 7.6 hours and incurred $2,660.00 in fees during the Application Period.

(g) <u>Draft Settlement and Motion to Approve</u> - The services under this task consisted of reviewing and negotiating a settlement agreement, drafting a motion to approve settlement and appearing in court for hearing on the motion to approve settlement. In connection with these services, F&S expended 16.5 hours and incurred $5,585.00 in fees during the Application Period.

(h) <u>Application for Compensation</u> – The services under this task consisted of preparation of this First and Final Fee Application in this case. In connection with these services, F&S expended 4.3 hours and incurred $1,505.00 in fees during the Application Period.

22. <u>Local Rule 5082-1(B)(1)(c)</u> – By this Application, F&S seeks compensation of $1,505.00 for 4.3 hours of legal services in connection with the preparation of this Application.

23. <u>Local Rule 5082-1(B)(1)(d)</u> – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit C**.

24. <u>Local Rule 5082-1(B)(1)(e)</u> – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

6

25. Local Rule 5082-1(B)(1)(f) – This is the first and final Application filed by F&S for compensation and reimbursement of expenses.

26. Local Rule 5082-1(B)(1)(g) – F&S seeks the reimbursement of actual and necessary out-of-pocket expenses totaling $0.00.

27. All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Trustee in this case, and were specifically allocated to the Trustee's case. None of the expenses represents general overhead or other expenses unrelated to this case.

28. Local Rule 5082-1(B)(2) – F&S seeks the allowance and payment of compensation of $23,255.00 for 71.7 hours of legal services rendered to the Trustee and reimbursement of expenses of $0.00 incurred in connection with those services during the Application Period.

## DETAILED STATEMENT OF SERVICES
*(LOCAL RULE 5082-1(C))*

29. The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

7

30. The time detail attached as **Exhibit B** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

## BASIS FOR RELIEF

31. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

32. The compensation sought by F&S in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

33. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount sought for payment in this Application is fair and reasonable.

34. F&S prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the Estate, F&S is also entitled to receive compensation for the preparation of this Application. *Pettibone*, 74 B.R. at 304.

35. Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Trustee and the bankruptcy Estate.

36. F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## NOTICE

33. F&S has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including Debtor, Debtor's counsel, and the Office of the United States Trustee. Additionally, F&S has served this Application along with a Notice of Hearing by U.S. mail on all creditors who have filed claims in this case.

WHEREFORE, Figliulo & Silverman, P.C. respectfully requests that this Court enter an order:

(a) Granting the relief requested in this Application;

(b) Granting F&S's request to limit notice as set forth above and finding that the Notice of the Hearing on this Application was sufficient;

(c) Allowing F&S final compensation in the amount of $23,255.00 for the legal services to the Trustee between May 17, 2017 through October 15, 2018;

(d) Allowing final reimbursement of expenses in the amount of $0.00;

    (e)    Authorizing and directing the Trustee to pay to F&S $23,255.00 as compensation for the legal services rendered to the Trustee, and reimbursement of expenses in the amount of $0.00 between May 17, 2017 through October 15, 2018; and

    (f)    Granting such other relief as this Court deems necessary or appropriate.

Dated:  November 2, 2018        Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

By: /s/ *Michael K. Desmond*
    *Special Counsel to the Trustee*

Michael K. Desmond (IL #6208809)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, Illinois 60603
(312) 251-4600

10

# CERTIFICATE OF SERVICE

The undersigned attorney states that on November 2, 2018 a copy of the attached **NOTICE of HEARING** and **FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL** will be served on all counsel listed below in accordance with the General Order on Electronic Case Filing and subject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49(b) as to all Filing Users in a case assigned to the court's Electronic Case Filing System. And I hereby further certify that a copy of same was served upon all those named on the Manual Service List below, including all creditors who filed claims, by depositing a copy of same in the U.S. Mail before 5:00 p.m., proper postage prepaid.

/s/  *Michael K. Desmond*

**Mailing Information for Case 16-26708**

**Electronic Mail Notice List – As of November 2, 2018**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Ernesto D Borges**   notice@billbusters.com, billbusters@iamthewolf.com; billbusters@ecf.inforuptcy.com;borgeser80263@notify.bestcase.com
- **Michael K Desmond**   mdesmond@fslegal.com, dorisbay@fslegal.com
- **Richard M. Fogel**   rfogel@foxrothschild.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Andrew J Maxwell**   maxwelllawchicago@yahoo.com, amaxwell@iq7technology.com; trustee@maxwellandpotts.com;marchfirst_trustee@hotmail.com
- **Miriam R. Stein**   mstein@chuhak.com, dgeorge@chuhak.com;vjefferson@chuhak.com
- **Steven B Towbin**   stowbin@foxrothschild.com, cknez@foxrothschild.com
- **George Michael Vogl**   notice@billbusters.com, lwnotice@gmail.com;billbusters@ecf.inforuptcy.com;billbusters@iamthewolf.com
- **Scott T Zale**   scott.zale@il.cslegal.com
- **Daniel A Zazove**   dzazove@perkinscoie.com, docketchi@perkinscoie.com;daniel-zazove-4464@ecf.pacerpro.com;jessica-matamoros-0866@ecf.pacerpro.com

**MANUAL SERVICE LIST**
**Case Number: 16-26708**

Bank of America, N.A.
7105 Corporate Dr.
Plano, TX 75024-4100

JPMORGAN CHASE BANK, NA
C/O Codilis & Associates, P.C.
15W030 N. Frontage Rd. Ste 100
Burr Ridge, IL 60527-6921

Miriam R. Stein, as Chapter 7 Trustee
30 S. Wacker Drive, Ste 2600
Chicago, IL 60606-7512

Bank of America
Special Loan Servicing
Tampa, FL 33623-7123

Blue Stallion Inc.
23915 Ventura Blvd.
Calabasas, CA 91302-1445
*Claimant #7*

California Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

Carl & Unalyn McCormick
20212 Mohawk Trail
Olympia Fields, IL 60461
*Claimant #5*

Claus Dieckell
c/o Milan Properties, LLC
888 S. Disneyland Dr., Ste 101
Anaheim, CA 92802-1845

Donald Kooperman 2002 Rev Trust
12 Ridge Road
Highland Park, IL 60035-4337

Harold & Jane Smith
16809 Luella
South Holland, IL 60473-2622
*Claimant #6*

Illinois Department of Revenue
Bankruptcy Section
PO Box 64338
Chicago, IL 60664

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
*Claimant #1*

J.P. Morgan
P.O. Box 24696
Columbus, OH 43224-0696

JMCP Corp.
853 N. Elston Ave.
Chicago, IL 60642-4102
*Claimant #2*

Jung Jae Lee
c/o LimNexus c/o Lisa J. Yang
1055 W. Seventh St., 28th Flr
Los Angeles, CA 90017
*Claimant #3*

John L. Oberman Ltd.
Def. Ben. Plan
415 E. Northwater #3005
Chicago, IL 60611-5830

Kara Cox
923 W Webster Ave., Garden Apt
Chicago, Il 60614-3617

Letricia Cavanaugh
509 S 6th 4th Floor
Springfield, IL 62701-1809

Federal Street Corporation
c/o Von Behren and Hunter LLP
2041 Rosecrans Av., Ste 367
El Segundo, CA 90245-4795

Hermes Capital LLC
2711 Centerville Rd., Suite 400
Wilmington, DE 19808

Phillip Shinn
LimNexus LLP
1055 W. Seventh St., Suite 2800
Los Angeles, CA 90017-2554

Steven H. Hersh
3115 Orange Brace
Riverwoods, IL 60015-3727

Stuart A. Nudelman
923 W. Webster
Chicago, IL 60614-3617
*Claimant #4*

The View Wilshire, LLC
853 N. Elston Av.
Chicago, IL 60642-4102

Thomas E Lombardi
Adam G. Wentland
Palmer, Lombardi & Donohue LLP
800 Wilshire Blvd., Suite 800
Los Angeles, CA 90071-2612

Judy Fishman
923 W. Webster
Chicago, IL 60614
*(Debtor 1)*

Michael C. Winter
709 Central Ave.
Deerfield, IL 60015-4310

Michael Mininni
1 S. Wacker Drive, Suite 350
Chicago, IL 60606-4616

Milan Properties, LLC
888 Disneyland Dr., Suite 10
Anaheim, CA 92802-1847

Nina Winter
917 Fountain View Dr
Deerfield, IL 60015-4860

Paula S. Kooperman Rev. Trust
3 S. Robinwood Ct.
Riverwoods, IL 60015-1605

Travis R. Eagan
11030 Santa Monica Blvd., Ste 109
Los Angeles, CA 90025-7553

Beckman Properties
6604 Midnight Pass Rd.
Sarasota, FL 34242

Bank of America
PO Box 961294
Fort Worth TX 76161

Island House Association
6150 Midnight Pass Rd
Sarasota FL 34242

Dale & Linda Boedeker
5808 W Lake Drive
West Bend WI 53095

Bank of America, N.A.
7105 Corporate Dr.
Plano, TX 75024